UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MELISSA A. JUAREZ,<br><br>　　　　　Plaintiff<br><br>U.S. NATIONAL BANK, N.A.,<br>AS TRUSTEE, ON BEHALF OF THE<br>ASSET BACKED SECURITIES<br>CORPORATION HOME EQUITY LOAN<br>TRUST, SERIES NC 2005 HE8,<br>ASSET BACKED PASS-THROUGH<br>CERTIFICATES, SERIES NC 2005-<br>HE8, AND<br>SELECT PORTFOLIO SERVICING<br><br>　　　　　Defendants | C.A. No. 1:11-CV-10318-DJC |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL MEMORANDUM
ON THE ISSUE OF THE NEW CENTURY BANKRUPTCY**

**INTRODUCTION**

On July 14, 2011, his court issued an Order directing the Defendants' to succinctly, and specifically, articulate whether the Plaintiff's argument that the purported assignment of the Plaintiff's mortgage [and note] by New Century Mortgage Corporation ("NCMC") to U.S. Bank [as Trustee] in June 2007 was invalid given the Plaintiff's allegation that NCMC had filed bankruptcy in April 2007. Defendants' basses in opposition to the Plaintiff's allegations in this regard are primarily based upon two flawed premises. First the Defendants' erroneously state (and incorrectly cite Ibanez for the proposition), that the Plaintiff is "forever barred" from challenging the foreclosure auction under G.l. C. 244 § 14. Secondly, Defendant makes the completely

1

unsupported statement that NCMC "sold and transferred" the Defendants promissory note [and mortgage], in 2005. Defendants also attach at Exhibit 1, a purported Power of Attorney, purportedly executed by NCMC on June 20, 2007, purportedly granting Select Portfolio Servicing, the purported "authority" to execute documents which assign NCMC's ownership rights of its Mortgage Assets as of June 20, 2007, to third party(s) (as opposed to mortgage servicing rights). Lastly, the Defendants attach, at Exhibit 2, an off point case to "support" their argument (*Kiah v. Aurora Loan Servicing*).

### A. PLAINTIFF'S CLAIMS ARE BASED UPON A VOID FORECLOSURE AUCTION, THUS ARE NOT BARRED UNDER G.L. c. 244 § 14

Defendants made the same precise argument at page 2-3 of their May 2, 2011 Reply Memorandum to Plaintiff's Opposition to Defendants' Motion to Dismiss [Docket No. 23]. At oral argument on Defendants' Motion to Dismiss, Plaintiff's counsel specifically discussed the fact that Defendants' argument in this regard is tragically misplaced, and its attempt to use a portion of a quote contained in the Ibanez opinion, was completely out of context[1]. Again, in its response to this Court's order, in its

---

[1] Defendants (at footnote 1 of their Supplemental Brief), attempt to state that the procedural posture is "distinguished from the instant case. In fact the case presently before this court is almost identical to what was presented to the SJC in *Ibanez*, in that at the time of the publication of the auction sale of the Plaintiff's residence, the Defendants clearly **did not** possess a current legally valid assignment, of the Plaintiff's mortgage [or note], as required under G.L. c. 244 § 14, , only receiving said assignments months after the auction itself. In fact, the case before this court also mirrors (almost precisely) the SJC's finding that any assignment of mortgage claiming to be "confirmatory" in nature (as Defendants now assert), must actually "confirm" a previous valid assignment. See *Ibanez* at page 645 (discussing placement of "effective date" on mortgage), *Ibanez* page 650, discussing the necessity of the "Depositor" to assign mortgage loans, [Defendants have yet to even provide the same documents relative to this matter], and *Ibanez* page 652 discussing the finding that the confirmatory assignment "confirmed" a legally defective "assignment of mortgage in blank" [which is the industry practice, and discovery will produce the same result in the matter before this court]. Defendants have made no proffer of any previous assignment TO "confirm" (or any proffer of any kind whatsoever), as the SJC clearly held that the "securitization" documents in

Supplemental Brief on the specific issue of the impact of the NCMC bankruptcy, with regards to the purported assignment of the Plaintiff's mortgage [and note], Defendants maintain this legally incorrect argument. The **_true context_** of the portion of the Ibanez opinion quoted by Defendants at page 1 of its Supplemental Brief (and page 2-3 of its previous Reply Memorandum) was quoted by the *Ibanez* court only to discuss the Court's precise reasoning as to why foreclosing entities must follow the statute [G.L. c. 244 § 14] **_strictly_**, as a **_legally valid_** non-judicial foreclosure auction under G.L. c. 244 § 14, forever cuts off the mortgagor's rights. See generally *U.S. Bank v. Ibanez* 458 Mass. 637, 646 (entire page)[2]. Here, in the instant case, Plaintiff's meritorious allegations, succinctly pled, state that the Defendants' auction was **_not_** legally valid, as Defendant failed to follow the requirements of G.L. c. 244 § 14 **_strictly_**. Therefore the Plaintiff has succinctly pled that her position in this regard is based upon current case law (*Ibanez*), and thus the Defendants' auction of her real property was in fact void *ab initio*. Under the Defendants' flawed, and absurd, legal premise, one could never bring any action for wrongful foreclosure, because the foreclosure action itself was never originally challenged. Plaintiff has specifically pled that her claims specifically relate to the fact that the Defendants attempted foreclosure was void under G.L. c. 244 § 14, and Defendants have not proffered

---

and of themselves are not legally sufficient to assign a mortgage, as Massachusetts is a title theory jurisdiction, and an assignment of mortgage is an assignment of an interest in land.
[2] Plaintiff's counsel represented the LaRace family in this action

any evidentiary foundation to rebut her assertion that the impact of the NCMC bankruptcy, results in a legally defective assignment of mortgage[3]. Thus U.S. Bank as Trustee is left without any current standing to assert that it was the "holder" of the Plaintiff's mortgage [and note] at the time of the publication of the illegal foreclosure auction of the Plaintiff's real property, as strictly required under G.L. c. 244 § 14.

### B. DEFENDANTS' UNSUPPORTED STATEMENTS THAT THE PLAINTIFF'S LOAN WAS "TRANSFERRED" BY NEW CENTURY IN 2005

It is curious that the entire body of evidence in this matter has been supplied by the Plaintiff. Defendant has not proffered even a scintilla of documentary evidence that it currently held physical possession of the Plaintiff's note or mortgage under the requirements of G.L. c. 244 § 14, in order to legally conduct the non-judicial foreclosure of the Plaintiff's real property. Defendants only rely upon bald, and unsupported, statements, as to the ownership rights to the Plaintiff's loan. Plaintiff's counsel directly queries Defendants to point to exactly what document provides the evidendetiary indicium that supports the statement that NCMC assigned the Plaintiff's mortgage [and note] in 2005. "The 2008 'confirmatory assignment' merely confirmed the 2005 transfer of title" Defendants Supp Brief at p. 3. Defendants attempt to make much of Plaintiff's statements in her complaint that the loan was assigned in 2005. Plaintiff is not privy, nor could she ever be, to the esoteric machinations that occurred in the securitization of her loan.

---

[3] Thus Plaintiff has succinctly pled meritorious claims that are more than a formulaic recitation of the elements, thus satisfying the requirements to withstand Defendants' motion to dismiss under the standard enunciated under *Ashcroft v, Iqbal* 128 S.Ct. 1937 (2009)

4

Plaintiff (as all mortgagors) must rely only upon statements made by "lenders" or servicers. Secondly, Plaintiff's statements cannot magically create standing for the Defendants', where it is Defendants' burden to prove its ownership rights in order to auction the Plaintiff's real property. Defendants' reliance upon *Kiah v Aurora Loan Servicing* is misplaced, as unlike the instant case before this court, *Kiah* involved a challenge by a pro-se litigant, who only challenged the assignment of his mortgage, and failed to challenge the validity of the assignment of his promissory note, which the court found fatal to his claims.[4] (See *Kiah* p. 4 right hand column at para 3) This case is also currently on appeal.[5] Therefore, Plaintiff respectfully requests that the Defendants motion to Dismiss be denied, as she has succinctly pled meritorious claims sufficient to withstand a motion to dismiss under the standards enunciated in *Ashcroft v. Iqbal*, and thus the Plaintiff respectfully requests to amend her complaint

Respectfully Submitted,
Melissa A. Juarez
By Her Attorney

---

[4] Defendants also cite numerous opinions purportedly in support of its position in foot note 2, mostly by pro-se litigants, and decided upon other independent grounds. Defendant makes the bald assertion that NCMC retained the right and authority as a DIP to execute the power of attorney. Defendants' have not submitted any evidentiary foundation for this statement. In the alternative, any authority to act for NCMC would be premised upon its current (at the time of purported assignment) **_ownership rights_**, not servicing rights. **_Defendants have failed to provide this court with specific documents indicating that NCMC possessed any ownership rights to the Plaintiff's individual mortgage loan to assign as indicated on the purported assignment of the Plaintiff's mortgage, to U.S. Bank as Trustee in order to provide it standing , at the time of the publication of the foreclosure auction sale to legally conduct the foreclosure auction under G.L. c. 244 §14_**. Thus, Plaintiff has succinctly pled meritorious claims sufficient to with stand the Defendants' motion under 12(b)(6).

[5] Defendants cite *Valerio v. U.S. Bank* 716 F. Supp. 2d 124, 128 (D. Mass.) (also on appeal) for the proposition that a note is not needed, again this case is off point, was a preliminary injunction hearing requiring a different burden, and was decided on different grounds, see Exhibit A, *Eaton v. Federal National Mortgage Association.* for a rebuttal to *Valerio*, and a thorough discussion of the law on foreclosure

|  |  |
|---|---|
|  | /s/Glenn F. Russell, Jr<br>Glenn F. Russell, Jr.<br>The Law Office of<br>Glenn F. Russell, Jr.<br>38 Rock Street, Suite 12<br>Fall River, MA 02720<br>(508) 324-4545 |
| Dated: July 25, 2011 | BBO# 656914 |

**CERTIFICATE OF SERVICE**

I, Glenn F. Russell, Jr., do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and copies will be additionally served by electronic and regular mail upon the following this is the 25th day of July, 2011:

/s/Glenn F. Russell, Jr
Glenn F. Russell, Jr.

Peter T. Carr
Charlotte L. Bednar
Eckert Seamans
Cherin, & Mellot, LLC
Two International Place, 16th Fl
Boston, MA 02110-2602